UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LENA KADDURA, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case Number: 1:06CV00099 |
| v. | ) Judge: Ellen Segal Huvelle |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT DISTRICT OF COLUMBIA'S ANSWER TO COMPLAINT[1]**

Pursuant to Fed.R.Civ.P. 7(a), 8(b), and 12(a) and (b), Defendant, the District of Columbia, by and through undersigned counsel, hereby respectfully answer the Complaint in the above-captioned case.

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

In response to the numbered allegations of the Complaint, Defendant states as follows:

1.  Defendant admits that this is an action for damages and other relief requested by Plaintiffs. Defendant is without knowledge or information sufficient to form a belief or response as to statements made in sentences one through five of paragraph one of the Complaint, and deny the allegations. The remaining allegations of paragraph one of the Complaint are Plaintiffs'

---

[1] The Complaint names five (5) "John Doe Officers" allegedly affiliated with the District of Columbia's Metropolitan Police Department. To the District's knowledge, no service of summons have been perfected upon any John Doe Officers, thus, answer(s) on their behalf is not required. In the event that Plaintiff's amend their complaint to name an officer or officers and perfect service on such person(s), an answer may be filed on that person's behalf .

factual characterizations and legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies said allegation, and demands strict proof at time of trial.

## JURISDICTION AND VENUE

2. Defendant admits the statutory references cited in paragraph 2 of the Complaint, but denies that these references necessarily confer jurisdiction on this Court in this matter.

3. Defendant admits that statutory references cited in paragraph 3 of the Complaint, but denies that venue is necessarily proper in this Court.

## PARTIES

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' assertions regarding Lena Kaddura's residency, employment or purpose for travel set forth in this paragraph, and therefore, denies these allegations. If these allegations are material, strict proof is demanded at time of trial.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' assertions regarding Megan McKee's residency or employment set forth in this paragraph, and therefore, denies these allegations. If these allegations are material, strict proof is demanded at time of trial.

6. Defendant admits that Morrigan Phillips is a resident of the District of Columbia.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' assertions regarding Josh Cohn's residency set forth in this paragraph, and therefore, denies these allegations. If these allegations are material, strict proof is demanded at time of trial.

8.	Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' assertions regarding unnamed Defendants, where these Defendants were on duty, whether they were employed by the answering Defendant or another governmental agency, and whether these Defendants sprayed Plaintiffs with pepper spray, and therefore, denies these allegations.  To the extent that these allegations are material, strict proof is demanded at time of trial.

9.	Defendant admits the allegations of paragraph 9 of the Complaint.

## FACTS

10.	Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint, and therefore, deny same.  If material, strict proof is demanded at time of trial.

11.	 Defendant admits that chain link fences were used along sections of the parade route, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11 of the Complaint, and therefore, deny same.  If material, strict proof is demanded at time of trial.

12.	 Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint, and therefore, deny same.  If material, strict proof is demanded at time of trial.

13.	Defendant admits that MPD officers lined portions of the parade route, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13 of the Complaint, and therefore, deny same.  If material, strict proof is demanded at time of trial.

14. Defendant admits that there were continuous attempts to tear down and breach the perimeter fencing and that dangerous objects were thrown at police personnel, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14 of the Complaint, and therefore, deny same. If material, strict proof is demanded at time of trial.

15. The allegations of paragraph 15 of the complaint are Plaintiffs' factual characterizations or legal conclusions to which no responsive pleading is required. To the extent a response is required, the same are denied.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint, and therefore, deny same. If material, strict proof is demanded at time of trial.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint, and therefore, deny same. If material, strict proof is demanded at time of trial.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint, and therefore, deny same. If material, strict proof is demanded at time of trial.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint, and therefore, deny same. If material, strict proof is demanded at time of trial.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint, and therefore, deny same. If material, strict proof is demanded at time of trial.

21.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint, and therefore, deny same. If material, strict proof is demanded at time of trial.

22.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint, and therefore, deny same. If material, strict proof is demanded at time of trial.

23.  The allegations of paragraph 23 of the Complaint are Plaintiffs' factual characterizations and legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies said allegations.

24.  The allegations of paragraph 24 of the Complaint are Plaintiffs' factual characterizations and legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies said allegations.

25.  The allegations of paragraph 25 of the Complaint are Plaintiffs' factual characterizations and legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies said allegations.

26.  The allegations of paragraph 26 of the Complaint are Plaintiffs' factual characterizations and legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies said allegations.

27.  Defendant denies the allegations of paragraph 27 of the Complaint. This paragraph states conclusions of law to which no response is required.

28.  Defendant admits that Plaintiffs, by and through, counsel, purported to give notice pursuant to D.C. Code §12-309 (2001) and are without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations of paragraph 28 of the Complaint, but if material, strict proof is demanded at time of trial.

## CLAIM I: VIOLATION OF FIRST AMENDMENT RIGHTS
(John Doe officers #1-5)

29.  This paragraph pertains to a Defendant other than answering Defendant, and therefore no response is required.  To the extent that a response is required, answering Defendant denies the allegations of paragraph 29 of the Complaint.  This paragraph states conclusions of law to which no response is required.

## CLAIM II: VIOLATION OF FOURTH AMENDMENT RIGHTS
(John Doe officers #1-5)

30.  This paragraph pertains to a Defendant other than answering Defendant, and therefore no response is required.  To the extent that a response is required, answering Defendant denies the allegations of paragraph 30 of the Complaint.  This paragraph states conclusions of law to which no response is required.

## CLAIM III: VIOLATION OF FIRST AMENDMENT RIGHTS
(District of Columbia—Municipal Liability)

31.   Defendant denies the allegations of paragraph 31 of the Complaint.  This paragraph states conclusions of law to which no response is required.

## CLAIM IV: VIOLATION OF FOURTH AMENDMENT RIGHTS
(District of Columbia—Municipal Liability)

32.   Defendant denies the allegations of paragraph 32 of the Complaint.  This paragraph states conclusions of law to which no response is required.

## CLAIM V: ASSAULT AND BATTERY
(John Doe officers #1-5)

33.     This paragraph pertains to a Defendant other than answering Defendant, and therefore no response is required.  To the extent that a response is required, answering Defendant denies the allegations of paragraph 33 of the Complaint.  This paragraph states conclusions of law to which no response is required.

### CLAIM VI: ASSAULT AND BATTERY
(District of Columbia respondeat superior liability)

34.     Defendant denies the allegations of paragraph 34 of the Complaint.  This paragraph states conclusions of law to which no response is required.

### CLAIM VII: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(John Doe Officers #1-5)

35.     This paragraph pertains to a Defendant other than answering Defendant, and therefore no response is required.  To the extent that a response is required, answering Defendant denies the allegations of paragraph 35 of the Complaint.  This paragraph states conclusions of law to which no response is required.

### CLAIM VIII: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(District of Columbia respondeat superior liability)

36.     Defendant denies the allegations of paragraph 36 of the Complaint.   This paragraph states conclusions of law to which no response is required.

        As to Plaintiff's WHEREFORE clause, no answer is required. To the extent, a response is required, Defendant denies that the requested relief should be awarded and requests that the Court dismiss the Complaint with Plaintiff taking nothing by way of judgment or damages against Defendant.

        Defendant further answers that all allegations not specifically admitted are

denied.

## THIRD DEFENSE

Defendant, at all relevant times herein, acted consistently with relevant and applicable laws, rules, regulations, constitutional provisions, and standards of care.

## FOURTH DEFENSE

Defendant reserves the right to assert any and all defenses which are supported by the facts learned through discovery or at trial herein.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General, D.C.

GEORGE C. VALENTINE
Deputy Attorney General, D.C.
Civil Litigation Division

/s/ Richard S. Love
RICHARD S. LOVE, D.C. Bar No. 340455
Chief, Equity I
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6635
Facsimile: (202) 727-0431
richard.love@dc.gov

_____/s/_____
Denise J. Baker
D.C. Bar No. 493414
Assistant Attorney General
441 4th Street, Northwest
6th Floor South
Washington, D.C. 20001
202-724-6598

Dated: March 16, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of March 2006, true copies of the foregoing Answer to Plaintiffs' Complaint on behalf of the Defendant, District of Columbia, was filed electronically with the Court for ECF service upon:

Arthur B. Spitzer, Esquire
Frederick V. Mulhauser, Esquire
ACLU
1400 20th Street, NW, Suite 119
Washington DC 20036


_____/s/_____
Denise J. Baker