IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LENA KADDURA, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 06-0099 (ESH) |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## JOINT REPORT PURSUANT TO LOCAL CIVIL RULE 16.3(d)

Pursuant to Local Civil Rule 16.3(d), and this Court's order of March 16, 2006, Plaintiffs and the District of Columbia hereby file this joint report and the attached proposed scheduling order.

Because Plaintiffs have not yet identified or served John Doe Officers #1-5, this joint report does not apply to them.

**I.    Brief Statement of the Case and the Statutory Basis for all Causes of Action and Defenses**

On January 20, 2005, the Plaintiffs, Ms. Lena Kaddura, Ms. Megan McKee, Ms. Morrigan Phillips, and Mr. Josh Raisler Cohn, were in the area of 14th Street and Pennsylvania Avenue, N.W., in Washington, D.C., during the parade following the second Inauguration of George W. Bush. The Plaintiffs were outside the fence enclosing the restricted parade area, in an area freely open to the public. The Plaintiffs allege that their constitutional rights were violated when D.C. police officers soaked them with pepper spray without justification. The Plaintiffs also allege that they suffered bodily injury and emotional distress as a result of the D.C. police officers' use of pepper spray.

Plaintiffs have asserted the following claims against John Doe Officers #1-5:

1. Violation of First Amendment rights, actionable under 42 U.S.C. § 1983.

2. Violation of Fourth Amendment rights, actionable under 42 U.S.C. § 1983.

3. Common law assault and battery, actionable under District of Columbia law.

4. Common law intentional infliction of emotional distress, actionable under District of Columbia law.

Additionally, Plaintiffs have asserted the following claims against the District of Columbia:

1. Violation of First Amendment rights, based upon a theory of municipal liability and actionable under 42 U.S.C. § 1983.

2. Violation of Fourth Amendment rights, based upon a theory of municipal liability and actionable under 42 U.S.C. § 1983.

3. Common law assault and battery, based upon a theory of *respondeat superior* and actionable under District of Columbia law.

4. Common law intentional infliction of emotional distress, based upon a theory of *respondeat superior* and actionable under District of Columbia law.

Plaintiffs seek compensatory and punitive damages, a declaration that the actions of the defendants violated their constitutional rights, injunctive relief that (1) bars the District of Columbia from using chemical weapons to move crowds without warning or

adequate cause, and (2) requires that the District of Columbia train and supervise police officers in the proper use of chemical weapons, and costs and reasonable attorneys' fees.

The District of Columbia has asserted the following defenses:

1.  The Complaint fails to state a claim upon which relief can be granted.

2.  The District of Columbia denies many of the plaintiffs' factual allegations.

3.  The District of Columbia asserts that any use of chemicals for crowd control was proper and lawful.

4.  The District of Columbia, at all relevant times, acted consistently with relevant and applicable laws, rules, regulations, constitutional provisions, and standards of care.

5.  The District of Columbia reserves the right to assert any and all defenses which are supported by the facts learned through discovery or at trial.

## II.     Items Required to be Addressed by L.Cv.R. 16.3(d)

### 1. Dispositive Motions

The District of Columbia does not anticipate filing a motion to dismiss in this case.

### 2. Joinder of Parties, Amendment of Pleadings, Narrowing of Issues

Plaintiffs anticipate joining defendants John Doe Officers #1-5 when these individuals are identified.  The parties have agreed to work together to identify these defendants.  Other individuals who were allegedly "soaked" with pepper spray at the

inaugural parade may also be added as additional plaintiffs. The parties request that the Court place no deadline on the joinder of parties or the amendment of pleadings at this time, without prejudice to or waiver of any right to oppose joinder or amendment, if or when made.

### 3. Assignment of a Magistrate Judge

The parties do not consent to the assignment of this case to a Magistrate Judge for all purposes.

### 4. Whether there is a Realistic Possibility of Settlement

While the parties have discussed settlement, they believe that there is no realistic possibility of settlement prior to discovery in this proceeding. The parties believe that there may be a realistic possibility of settlement during or following discovery.

### 5. Alternative Dispute Resolution

The parties do not believe that Alternative Dispute Resolution or neutral evaluation would be useful at this time. The parties believe that Alternative Dispute Resolution or neutral evaluation may become useful at some point during or after discovery and/or after the resolution of dispositive motions, if any are filed.

### 6. Summary Judgment

The parties agree that it is not possible, before discovery, to predict whether the case can be resolved by summary judgment. The parties agree to confer at the close of

discovery and inform the court whether any motion(s) for summary judgment or partial summary judgment will be filed and, if so, to propose a schedule for such motions.

### 7. Initial Disclosures

The parties have stipulated that they will comply with initial disclosures as required by Rule 26(a)(1) of the Federal Rules of Civil Procedure on or before May 1, 2006.

### 8. Discovery Matters

The parties agree that discovery should begin immediately after the entry of a scheduling order, and that fact discovery should conclude within six months after defendants John Doe Officers #1-5 file an answer to an amended complaint that identifies them as named defendants. The parties agree to follow the Federal Rules of Civil Procedure regarding the number of interrogatories and depositions, and to limit document requests to 20, absent good cause shown for additional discovery.

### 9. Expert Witnesses

The parties have not yet determined whether expert witnesses will be necessary. The parties propose that if the plaintiffs determine to use an expert witness, that expert's report will be due 60 days after the close of fact discovery. If defendant then determines to use an expert witness, that expert's report will be due 60 days after service of plaintiffs' expert report, and shall be limited to the same subjects or topics as the plaintiffs' report. Depositions of expert witness(es) would occur any time between the

5

filing of the plaintiffs' expert report and 45 days after the filing of the defendant's expert report.

**10. Class Certification**

Not applicable.

**11. Bifurcation**

The parties do not believe that there is a need for bifurcation.

**12. Pretrial Conference**

The parties propose that the pretrial conference be scheduled after the parties report to the Court as to whether they will be filing summary judgment motions, pursuant to paragraph 6, above.

**13. Trial Date**

The parties propose that the Court set a trial date at the pretrial conference.

**14. Other Matters**

None.

Respectfully submitted,

/s/
_____
Arthur B. Spitzer, D.C. Bar No. 235960
Frederick V. Mulhauser, D.C. Bar No. 455377
American Civil Liberties Union
   of the National Capital Area
1400 20th Street, N.W., Suite 119
Washington, DC 20036
Phone: (202) 457-0800
Fax: (202) 452-1868

Counsel for Plaintiffs



ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

RICHARD S. LOVE [340455]
Chief, Equity I

/s/
_____
DENISE J. BAKER, D.C. Bar No. 493414
Assistant Attorney General, D.C.
441 Fourth Street, NW
Sixth Floor South
Washington, DC 20001
202-442-9887

Counsel for the District of Columbia

April 6, 2006