IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LENA KADDOURA**, *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Civil Action No. 06-0099 (ESH) |
| ) | |
| **DISTRICT OF COLUMBIA**, *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

**I.    INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiffs respectfully seek leave to file the proposed Amended Complaint adding four additional plaintiffs, adding an additional ground for liability, and making a few minor alterations to the Complaint.  As required by Local Civil Rule 7(m), counsel for Plaintiffs conferred with counsel for the District of Columbia regarding the proposed Amended Complaint.  Although the District consents to the addition of four plaintiffs, it objects to the proposed Amended Complaint insofar as it requests an injunction prohibiting the District of Columbia from using chemical weapons as an instrument of retaliation.  The basis for the District of Columbia's objection is that, according to the District, the request for relief merely reiterates the requirement that the District must comply with the law, and as such, it is inappropriate.  Because the District's objection pertains to the merits, it is not a valid ground to preclude the amendment as requested.

An original of the proposed pleading as amended accompanies this Motion as Exhibit 1. A red-line version reflecting the proposed changes is attached as Exhibit 2.

## II.     STATEMENT OF POINTS AND AUTHORITIES

### A.     Background

Plaintiffs filed this suit on January 19, 2006 against the District of Columbia and John Doe Officers #1-5, alleging that officers of the Washington, D.C. Metropolitan Police Department (the "MPD"), without cause or adequate justification, soaked demonstrators and bystanders with pepper spray during the parade in connection with the second Inauguration of President George W. Bush on January 20, 2005.  The Complaint alleges, among other things, that the District and John Doe Officers #1-5 are liable for violations of Plaintiffs' First and Fourth Amendment rights, as well as for common law claims of assault and battery and the intentional infliction of emotional distress.   The Complaint seeks damages, attorneys' fees, costs, and injunctive relief.

Since the Complaint was filed, counsel for Plaintiffs have identified four more individuals who suffered similar injuries based on the conduct of MPD officers in the same area and at approximately the same time as the original four plaintiffs identified in the Complaint. The proposed Amended Complaint adds those four individuals—Annie Campbell, Emma Stevenson, Jonathan McIntosh, and Roberto de Moraes—as plaintiffs in this action and alleges facts supporting these individuals' claims.  The District consents to that amendment.

The District objects to the proposed Amended Complaint, however, insofar as it modifies the Prayer for Relief by requesting an injunction prohibiting the District of Columbia from using chemical weapons as instruments of retaliation.  The District objects to this change on the basis that it merely reiterates the requirement that the District comply with the law, and as such, it is inappropriate as a request for relief.  The original Complaint requested injunctive relief that (1) bars the District from using chemical weapons to move crowds without warning or adequate

cause, and (2) requires that the District train and supervise police officers in the proper use of chemical weapons.

In addition, the proposed Amended Complaint makes the following alterations: Ms. Lena Kaddoura's last name was inadvertently misspelled on the Complaint. Her name is spelled "Kaddura" in the Complaint; the correct spelling of her last name is "Kaddoura," as reflected in the proposed Amended Complaint. The proposed Amended Complaint also adds a claim for failure to train or supervise against the District of Columbia in order to better frame the issue for discovery and trial. Defendants have not objected to either of those changes.

### B.      Legal Argument

The District has already served its answer, so Rule 15(a) requires leave of court or written consent of the adverse party to amend the complaint. Because the District has not fully consented to the proposed amendments, Plaintiffs respectfully seek this Court's leave to amend. "[L]eave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (explaining that "this mandate [of Rule 15(a)] is to be heeded."). The District has not identified an adequate basis to preclude amendment at this very early stage of the proceedings—the amendment would not be futile, it is not the product of bad faith or dilatory motives, and the District would not suffer undue prejudice as a result. *See Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1083 (D.C. Cir. 1998).

The District's limited objection as to the request for injunctive relief pertains to the merits and is therefore improper as a basis for denying the amendment. The District will have ample opportunity to raise its arguments on the merits when this litigation reaches the appropriate stage, but the objection it puts forward now is premature and does not constitute a ground to deny the proposed amendment. *See id.* at 1083-84 (discussing such factors as bad faith, dilatory motives,

and futility).  Moreover, Federal Rule of Civil Procedure 54(c) provides that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings."  Regardless of whether the Complaint contained the request for injunctive relief as requested, this Court may upon final judgment order such relief if Plaintiffs are so entitled.

**III.   CONCLUSION**

For the reasons set forth above, the Court should grant Plaintiffs' Motion for Leave to File Amended and Corrected Complaint.

October 10, 2006                                                                    Respectfully submitted,

      /s/ Abid R. Qureshi
Abid R. Qureshi (D.C. Bar No. 459227)
LATHAM & WATKINS LLP
555 Eleventh Street, N.W., Suite 1000
Washington, DC 20004
Tel: (202) 637-2200
Fax: (202) 637-2201

*Counsel for Plaintiffs*

Arthur B. Spitzer (D.C. Bar No. 235960)
Frederick V. Mulhauser (D.C. Bar No. 455377)
American Civil Liberties Union
    of the National Capital Area
1400 20th Street, N.W. Suite 119
Washington, D.C. 20036
Tel: (202) 457-0800
Fax: (202) 452-1868

*Of Counsel*

4